## CARR *v.* DODGE.

One tenant in common cannot maintain trover against his co-tenant for crops in which they have a joint interest, until a separation or severance by the parties, or until such a conversion shall exist as goes to the destruction of the crop, or the entire exclusion of the co-tenant from the enjoyment of his right and interest therein.

Evidence tending to show the assessment and payment of taxes upon

Carr *v.* Dodge.

property is properly admissible to show ownership in the party taxed, while he claims actual possession of it; although not conclusive of the fact.

In cases where merely third parties are interested, it is sufficient to show that a selectman, or other officer, acted in that capacity, or was an officer *de facto;* and this may be shown by parol evidence.

THIS action of trover, brought by Alonzo F. Carr, executor of James Dodge, against John G. Dodge, was referred to Henry A. Bellows, as commissioner, to try the question of fact raised therein. The commissioner subsequently reported the following statement of facts, as proved before him :

On the tenth day of January, 1855, the plaintiff's testator, James Dodge, died possessed, as of his proper goods and chattels, of the articles described in the schedule annexed to the report. On the same day the articles came into the possession of the said John G. Dodge, who retained possession of the same until the 20th day of March, 1855, when the same were duly demanded by the said executor of the said defendant, who thereupon refused to deliver the same to the plaintiff, but on the contrary, on that day converted the same to his own use; and the commissioner found and reported that the defendant is guilty in manner and form as the plaintiff declared against him, and assessed damages in the sum of $495.08, to be paid by the defendant to the plaintiff, being the amount of the value of said goods and chattels, so converted, with interest from the time of such conversion; unless on the following facts the court should be of the opinion that the action cannot be maintained to recover for the items numbered from 12 to 22 inclusive, together with the item numbered 33 in the schedule annexed to the report.

In 1838 the said James Dodge, father of the defendant, conveyed his home farm to the defendant, and took back a lease, for the lives of himself and wife, of the same farm, with the provision that so long as the defendant carried

Carr *v.* Dodge.

on the farm in a husband-like manner, and delivered to the lessee one third of all the crops, including the pasturing, the defendant should be permitted to have possession of the farm, except the new house thereon, occupied by the father, and take the rest of the crops.

Under this agreement the defendant carried on the farm till the death of the father, January 10, 1855, the defendant occupying another house on the same farm. The crops in question were harvested and placed in the house occupied by James, except the hay, which was put in the barns upon the farm ; but, as the commissioner found, by the tacit consent of both parties, they were not divided, each using from the common stock; and the items aforesaid were one third of the undivided quantity ; and there was no evidence of the sale or destruction of this property by the defendant, or any thing more than the refusal to deliver, and the assertion of the defendant's claim to the entire quantity.

In case the court should be of the opinion that the plaintiff could not recover for these items, then the commissioner deducted the amount thereof, with interest, from the aforesaid sum of $495.08, and assessed the damages at $341, the sum so deducted being $154.08.

At the request of the defendant, the commissioner reported the following exceptions, taken by the defendant to the rulings of the commissioner on the hearing, with the facts necessary to raise the questions : (1.) The plaintiff offered to prove that some of the stock sued for was in the year 1854 taxed to the testator in Goffstown, and that he paid the tax. The defendant objected to this evidence, but it was admitted by the commissioner, subject to the exception, it appearing that the stock was upon the farm on which the testator and the defendant lived, and there being evidence tending to prove that the testator had possession of it. (2.) For the purpose of identifying the books of the selectmen of Goffstown, Mr. McDougall was offered,

and permitted, against the defendant's exception, to testify that he was one of the acting selectmen, and to identify the books. The objection was that the plaintiff could not be permitted to prove the authority of McDougall without the record. (3.) The plaintiff offered as a witness Rodnia Nutt, and it appeared that he married a daughter of James Dodge, by whose will she was interested in the property left by him, including the property which is the subject of this suit; that the said Nutt's wife is dead, leaving several children and heirs, by the said Nutt, who are now living, and that the said Nutt had executed and delivered to the plaintiff the release of which the following is a copy: " I, Rodnia Nutt, in consideration of love and good will, hereby relinquish and assign to Alonzo F. Carr all my right, title and interest in the subject matter of the suit by said Carr, as executor, against John G. Dodge, in and to the property embraced in said suit, to the avails of the same, to be held by him in trust for my children by my late wife, Maria Nutt, namely, James D. Nutt, Rodnia Nutt, Jr., Mary Ann Nutt and George W. M. Nutt. In witness whereof I hereunto set my hand and seal, this 29th day of June, A. D. 1859. RODNIA NUTT. [L. S.]" "I accept the above, and upon the trust stated above. June 29, 1859. ALONZO F. CARR." The defendant objected to the competency of said Nutt as a witness, but the exception was overruled by the commissioner. (4.) On the cross-examination of M. A. Shirley, one of the defendant's witnesses, who had given a deposition for the defendant in a former suit between the defendant and James Dodge, involving some of the questions raised in this suit, the plaintiff was permitted to inquire as to her testimony in such deposition, without its production by the plaintiff, it appearing that the plaintiff had not the possession of it.

*C. R. Morrison, D. Steele* and *H. Foster,* for the plaintiff.

*Clark & Smith,* and *Morrison & Stanley,* for the defendant.

Carr *v.* Dodge.

NESMITH, J. The first question presented for considera-
tion in this case is : Can the plaintiff recover, in this form
of action, that portion of the income of the farm for the
year 1854 which remained as undivided common stock at
the time of the decease of his testator, James Dodge, on
the 10th of January, 1855, the commissioner estimating
the value of this property at $154.08 ?

We suppose it to be well settled, that the relation
established by law between the owners of this property
at the time of the death of the father, was that of tenants
in common. Upon this point the authorities appear to
be decisive. " Two or more persons, hiring land by an
instrument under seal, and agreeing to pay rent in a
certain proportion of the crop, are held to be tenants in
common, not partners in the crop, until a division is
made." *Putnam* v. *Wise*, 1 Hill 234. " If one let his
farm to another, the use of it to be paid for in one half
of the crops, the lessor at most is only a tenant in
common with the lessee of the crops, until his portion is
severed." *Hurd* v. *Darling*, 14 Vt. 214 ; *Walker* v. *Fitz*,
24 Pick. 191. " In contracts of this nature, as to the
crops or income, the owner and occupant are tenants in
common during all the stages of the growth and prepara-
tion of said crops for use, and until a separation or sever-
ance by the parties. This rule better protects the rights
and interests of both parties, and is more salutary in its
operation and effects than any other rule. In general, this
interest or property in the crops is assignable, and liable
to attachment." *Carter* v. *Jarvis*, 9 Johns. 143.

The relation of the parties being thus established by
law to the income of the farm for the year 1854, the next
question is : Can this form of action be maintained ? The
ordinary presumption of law is, that a sole possession by
one tenant in common is held in the right of both tenants.
*Buckmaster* v. *Needham*, 22 Vt. 617. " One tenant in
common in possession is not liable in trover by his co-

tenant for his portion of the crops grown upon the land."
*Kersel* v. *Earnest*, 21 Penn. 58 ; *Moores* v. *Bunker*, 29 N. H.
420. In an action to recover damages for the conversion
of a chattel, if the plaintiff be the several owner, he
would be entitled to recover upon the proof of the de-
mand and refusal ; but if his interest be joint, and had
never been separated, he could not recover against a co-
owner, without proving also that the conversion went to
the destruction of the chattel, or the entire exclusion of
his right. *Allen* v. *Harper*, 26 Ala. 126 ; *Kenniston* v. *Ham*,
29 N. H. 501. The plaintiff will recover, when the joint
owner has taken the whole property from him by action
of replevin. 3 Kern. 173. "One tenant in common cannot
maintain trover against his co-tenant of the same chattel
for any act less than the destruction of his interest therein."
*Hurd* v. *Darling*, 14 Vt. 214. "But a sale of a chattel by
a co-tenant shows a kind of dominion unjustifiable and
inconsistent with the rights of the parties." Hill. on
Sales ; *Mumford* v. *McKay*, 8 Wend. 444, 403 ; *Weld* v.
*Oliver*, 21 Pick. 559 ; *Wilson* v. *Reed*, 3 Johns. 174 ; *Blake* v.
*Mulliken*, 14 N. H. 213.

This case does not find such a conversion as the law
contemplates should exist, in order to entitle the plaintiff
to recover any portion of the crops or income of the farm
for 1854, by the action of trover ; and therefore the sum
of $154.08, or the claim to this amount of crops, must be
disallowed, and cannot be recovered in this action.

1. It appears by the defendant's exceptions that the
plaintiff offered evidence to prove that some of the stock
on the farm where the testator and defendant lived, was
taxed to said testator, and that he paid it ; which was
objected to by the defendant, but admitted by the com-
missioner. This evidence was doubtless admissible, as it
tended to prove ownership in the property in question.
It would not be conclusive. As a general rule, few would

Carr v. Dodge.

pay taxes upon property they do not claim to own. Hence the reception of evidence of this character, as an act to show ownership, was right. *Little* v. *Downing*, 37 N. H. 366.

2. To identify the books of the selectmen of Goffstown, Mr. McDougall was offered, and permitted, against the defendant's exception, to testify that he was one of the acting selectmen. The objection was that the plaintiff could not be permitted to prove the authority of McDougall without the record. This ruling of the commissioner was correct. It is sufficient to show that the selectman acted in that capacity, and was an officer *de facto*. This is proper in all cases where merely third parties are interested. *Blake* v. *Sturtevant*, 12 N. H. 573. A party who is bound to show the authority of a town officer may rest on proof that he is or was an acting officer. *Pierce* v. *Richardson*, 37 N. H. 306. This authority may be shown by parol. *Barton* v. *Williams*, 5 B. & Ald. 395.

3. Was Rodnia Nutt rightly admitted to testify, upon the execution of his release to the plaintiff? We think the ruling of the commissioner in this instance correct. The interest of the witness was remote and contingent. The interest which disqualifies a witness must be direct and certain. It is not enough if it be uncertain, remote or contingent. He was, therefore, a competent witness. *Manchester Bank* v. *White*, 30 N. H. 456 ; *Mill Dam Foundry* v. *Hovey*, 21 Pick. 417. Our statute now allows this witness to testify, and leaves no doubt on the subject.

4. The fourth exception suggests matter entirely addressed to the discretion of the commissioner. He applies a test, for the purpose of obtaining the truth from the witness. We see no objection to the application of the practice adopted in this case, nor can we imagine any great evil to spring out of it.

The exceptions are, therefore, overruled, and there must be judgment for the plaintiff for $341, and interest from the date of the return of the report of the commissioner.